Freedman, J.
This is an appeal from an order made at special term denying plaintiff’s motion to vacate the judgment and to direct the clerk to tax plaintiff’s costs and to enter judgment for such costs. In the notice of appeal, the plaintiff gave notice that, upon the appeal from said order, he would ask for a review of a prior order denying plaintiff’s motion for a new taxation of costs, and affirming the clerk’s decision refusing to tax plaintiff’s costs.
The jury have rendered a general verdict of $23.59 for the plaintiff, the clerk refusing to tax plaintiff’s costs because the verdict was less than fifty dollars.
It is claimed by the plaintiff however, that he is entitled to costs, because the action is one of which no justice of the peace would have taken jurisdiction.
Section 3228 of the Code of Civil Procedure, among other things, provides that the plaintiff is entitled to costs of course, upon the Tendering of a final judgment in his favor in an action specified in sub-division 4 of section 2863. . By turning to that section it is found that it refers to an action in which a justice of the peace has not jurisdiction. The action thus referred to is one, where, in a matter of account, the sum total of the accounts of both parties proved to the satisfaction of a justice of the peace, exceeds $400.
By the pleadings it appears that, the complaint sued upon contains seven distinct causes of action amounting, in the aggregate, to $552.50, exclusive of interest. The defendant interposed a general denial, and then set up two counter-claims, arising out of matter disconnected with any of the claims of the plaintiff and amounting together to the sum of $561.26, exclusive of interest.
To recover costs upon a verdict of only $23.89 in his favor as a result of a trial of all these issues, the plaintiff was therefore bound to show before the clerk as taxing officer, not only that the sum of the accounts of both parties as set forth exceeded $400, but also that the sum of the accounts actually proved upon the trial was in excess of $400. Tompkins v. Greene. 82 N. Y., 619, affirming 21 Hun, 257.
The motions made subsequent to the taxation and resulting in the orders appealed, from, were made to obtain relief claimed by the plaintiff as matter of right.
No affidavit could therefore be considered against the objection of the defendant which was not before the clerk.
As. a further consequence, the determination of the ap *277 peals now before us depends exclusively upon the state of the proofs before the clerk.
From the appeal book, it is impossible to determine what proof was given by the plaintiff, before the clerk.
Even the bill of costs claimed and presented has not been printed. For all that appears no proof was made before the clerk that the sum of the amounts actually proved to the satisfaction of the jury, was in excess of $400.
This being so, it is impossible to find that an error was committed, either by the clerk or by either of the learned judges, who respectively made the orders appealed from.
The orders must be affirmed, with ten dollars costs and disbursements.